**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-4645**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JARELL MONTEZ WALKER,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:15-cr-00323-WO-4)

Submitted:  June 16, 2017                         Decided:  August 4, 2017

Before DIAZ and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarell Montez Walker pled guilty, pursuant to a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2012). The district court sentenced him to 204 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in considering Walker's criminal history in crafting his sentence. Walker filed a supplemental pro se brief challenging his designation as an armed career criminal. We affirm.

Walker's Presentence Report stated that he qualified for increased penalties under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2012) ("ACCA"). The PSR identified the three qualifying predicate convictions as two North Carolina convictions for felony assault with a deadly weapon with intent to kill and one conviction for felony assault with a deadly weapon with intent to kill inflicting serious bodily injury. Walker did not object to this designation at his sentencing hearing. We therefore review this issue for plain error. *See United States v. Price*, 777 F.3d 700, 711 (4th Cir. 2015).

To satisfy plain-error review, Walker must show "that (1) an error was committed, (2) the error was plain, and (3) the error affected [his] substantial rights." *Id.* (internal quotation marks omitted). An error is plain if, "at the time of appellate consideration . . . the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Ramirez–Castillo*, 748 F.3d 205, 215 (4th Cir. 2014) (internal quotation marks omitted). However, even if Walker makes the requisite showing, correction of the error lies within this court's discretion, which it exercises only if "the error seriously

2

affected the fairness, integrity, or public reputation of judicial proceedings." *Price*, 777 F.3d at 711 (brackets and internal quotation marks omitted). We have thoroughly reviewed the record, the PSR materials and response, the sentencing transcript and the parties' arguments. There is nothing in the record that shows that the district court plainly erred in its designation of Walker as an armed career criminal. Accordingly, Walker's challenge on this ground fails.

We turn next to Walker's argument that his sentence was unreasonable. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49-51. If there are no procedural errors, we then consider the substantive reasonableness of a sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively reasonable if it is within the properly calculated Sentencing Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

The record establishes that Walker's sentence is procedurally and substantively reasonable. The district court properly calculated Walker's offense level, criminal

history, and Sentencing Guidelines range. The court afforded the parties an adequate opportunity to make arguments about an appropriate sentence, and the court's explanation for its sentence was individualized and detailed.

Further, Walker fails to overcome the presumption of substantive reasonableness accorded to his within-Guidelines sentence. The district court did not abuse its discretion in considering Walker's criminal history while evaluating the § 3553(a) factors, and the record does not indicate that the court's individualized sentence was unreasonable in view of the totality of the circumstances.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Walker, in writing, of the right to petition the Supreme Court of the United States for further review. If Walker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Walker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*